**Luis RIOS MENDEZ, Plaintiff,**

**v.**

**Carlos ALVARADO, et al., Defendants.**

**Civ. No. 86–0512 (JAF).**

United States District Court, D. Puerto Rico.

Dec. 27, 1991.

Wilfredo Ríos Méndez, Caguas, P.R., for plaintiff.

Alice Net Carlo, Garcia Rodon Correa Marquez & Valderas, San Juan, P.R., for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

This is an action for damages, back pay, and injunctive relief under 42 U.S.C.

§ 1983. Of the original six plaintiffs, one, Luis Ríos Méndez, remains. The actions of two plaintiffs, Rubén Molina and Faustino Rivera Rivera, were dismissed for failure to allege sufficient facts to prove political discrimination on the basis that political affiliation was an appropriate requirement for their positions. The actions of three other plaintiffs, José Martínez Ayala, José López Soto, and Antonio Méndez, were voluntarily dismissed with prejudice under Fed.R.Civ.P. 41(a)(1). The trial for the remaining plaintiff was then stayed, pending a decision in *Agosto-de-Feliciano v. Aponte-Roque,* 889 F.2d 1209 (1st Cir. 1989).

Defendant now moves for summary judgment with regard to the remaining plaintiff, Luis Ríos Méndez, on the ground that the defendant officials of the Puerto Rico Electric Power Authority (PREPA) are immune from damage liability. *See Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

### Facts

In the wake of the elections of November 1984, in which the Popular Democratic Party ("PDP") prevailed over the New Progressive Party ("NPP"), many government agencies experienced the upheavals which are often incident to a transfer of power. Within the PREPA, there were numerous shifts of personnel, alleged by the new administration to be part of a reorganization effort aimed at improving the economic position of the organization. Plaintiff claims that his transfer/demotion was politically motivated as he was a known member of the NPP. Plaintiff was a Customer Service Supervisor I, grade M–IV, in the Aguadilla District Office, a position with supervisory authority and advancement possibilities. On April 22, 1985, he was transferred to the position of Disbursement Supervisor in the Mayaguez Regional Office. While he took no cut in pay or grade,

plaintiff argues that this position had considerably less supervisory authority and no potential for advancement. Plaintiff mentions he was reclassified to the position of Management Matters Auxiliary III on September 6, 1987, and that recently he was denied an opportunity to transfer.[1]

### Summary Judgment

In order to defeat a motion for summary judgment made pursuant to Fed. R.Civ.P. 56, the non-moving party must demonstrate the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court may grant a motion for summary judgment "if the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir. 1988). Where the moving party bears the burden of proof at trial, the motion must be supported by credible evidence "that would entitle it to a directed verdict if not uncontroverted at trial." *Id.* 477 U.S. at 331, 106 S.Ct. at 2557. For factual issues on which the nonmoving party would bear the burden of proof at trial, the moving party may satisfy its burden of production in two ways: present affirmative evidence that negates an essential element of the nonmoving party's claim or demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.* Only then does the burden of production shift to the nonmoving party to establish the existence of at least one fact issue which is both "genuine" and "material". *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Which facts are material is determined according to the substantive law at issue. *Id.*

---

1. The reclassification and refusal to transfer mentioned by plaintiff only appear in various of plaintiff's motions (Docket Nos. 67c, 87 & 113). However, when considering a motion for summary judgment, the court may only look at "the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits." Fed.R.Civ.P. 56(c).

at 248, 106 S.Ct. at 2510; *Sheinkopf v. Stone*, 927 F.2d 1259 (1st Cir.1991). If the identified facts provide evidence "such that a reasonable jury could return a verdict for the non-moving party," then the dispute is genuine. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. If the nonmoving party fails to make a sufficient showing, "[t]he moving party is 'entitled to a judgment as a matter of law.'" *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. The facts must be reviewed in the light most favorable to the non-moving party. *Sheinkopf v. Stone*, 927 F.2d at 1262.

### Qualified Immunity

■ Qualified immunity is an affirmative defense, which means that the standard for summary judgment is high. However, since the state of the law on the issue of qualified immunity in the First Circuit is clear, that burden can be easily identified. According to *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982), an official will only be liable if he "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff]." Therefore, immunity depends upon whether the law was clear at the time the official acted. Defendant argues that because the law regarding politically motivated demotion was not clear in 1985, the PREPA officials did not know, nor should they reasonably have known, what the limits on their actions were with regard to the constitutional rights of the plaintiff. Since the standards dealing with political discrimination that existed before *Rutan v. Republican Party of Illinois*, —— U.S. ——, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), as set out in *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel*, 445 U.S. 507, 516–17, 100

S.Ct. 1287, 1293–94, 63 L.Ed.2d 574 (1980), only concretely protected career personnel against politically motivated decisions that amounted to discharge, the First Circuit has held that "[i]n our view the relevant law was not clear in 1985." *Núñez–Soto v. Alvarado*, 918 F.2d 1029 (1st Cir.1990).[2] In *Núñez–Soto*, the plaintiff, a career employee in PREPA, failed to show that her demotion was equivalent to "constructive discharge," which the court found was a requirement to show that her constitutional rights had been violated in a fashion that could be remedied under section 1983. Therefore, the only circumstance under which plaintiff could recover is if he showed his demotions to be equivalent to "constructive discharge."

Plaintiff alleges that his transfers were politically motivated and designed to induce him to leave his job, in essence constructively discharging him from his job. Constructive discharge has been defined by the circuit as "an onerous transfer, having the purpose and effect of forcing the transferred employee to quit the employment." *Núñez–Soto*, 918 F.2d at 1030. Plaintiff has the burden of proof as to the issue of whether he was constructively discharged. Under the standard for summary judgment, the moving party, defendant, bears the burden of persuasion. Defendant has shown that plaintiff was moved to another position under a legitimate reorganization plan,[3] and also that he was not demoted in terms of pay or grade. This places the burden of production upon plaintiff to produce facts that create a genuine issue of material fact as to whether the transfer was indeed designed to force him to resign. We cannot find that plaintiff has met that burden. Plaintiff was moved and his supervisory role was reduced, but that is not evidence of an attempt to push him out. A move where there was no change of grade or pay is very far from constructive dis-

---

**2.** The court also stated that "[t]his circuit, in 1989, tried to resolve the 'short-of-discharge' question, noting at that time that the question was novel and difficult. *Agosto-de-Feliciano v. Aponte–Roque*, 889 F.2d 1209, 1214–18 (1st Cir. 1989)." So the law in this area was not clear until that decision in 1989.

**3.** In *Agosto-de-Feliciano v. Aponte–Roque*, 889 F.2d 1209, 1220 (1st Cir.1989), the court mentions what it calls the "changeover" defense, which recognizes that changes in the structure of the government can be expected early in a new administration's tenure. If the defendant had a clear plan for the reorganization of PREPA, that would be a valid defense.

charge. Plaintiff produces no evidence which creates an issue of fact as to whether plaintiff was constructively discharged.

The fact is that this case was filed almost immediately after the elections in 1986 and that today, 1991, the plaintiff remains employed by PREPA. There is no better evidence that plaintiff was not "constructively discharged." Certainly under the current law as established by *Rutan* the plaintiff might have an argument that he was politically discriminated against. But even under that decision he would carry a heavy evidentiary burden, because the plaintiff will have to show actual discrimination. *Rutan*, 110 S.Ct. at 2734–35. This case, however, concerns the law in 1985. At that point only "constructive discharge" would constitute a prohibited act, and that is not what happened.

We grant defendant's motion for summary judgment on the issue of damages because the officials involved enjoy qualified immunity. Judgment will be entered dismissing the complaint as to Luis Ríos Méndez. The case is now closed for statistical purposes.

IT IS SO ORDERED.